## ROOT, etc. v CITY OF ORLANDO

### Case No. CI87-2973

Ninth Judicial Circuit, Orange County

June 24, 1987

**APPEARANCES OF COUNSEL**

**William Poole** for plaintiffs.

**Robert Guthrie** for defendant.

**OPINION OF THE COURT**

LAWRENCE R. KIRKWOOD, Circuit Judge.

*FINAL ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE*

The Court, after reviewing the memorandum of law supporting the Defendant's, CITY OF ORLANDO, Motion to Dismiss and the

Plaintiff's, PAUL A. and SUSAN ROOT and BOAT TREE, INC., Memorandum in Opposition to the Motion to Dismiss, as well as testimony taken in this cause, makes this its findings of fact and conclusions of law:

1. Plaintiffs own certain property in Orange County that is adjacent to and abuts the right-of-way of Interstate 4. Plaintiffs have used the property in compliance with applicable zoning laws for the business known as Boat Tree, Inc., a boat dealership.

2. Plaintiffs' building and boat display area, are clearly visible from Interstate 4. Plaintiffs faced the front of building towards the Interstate and not the true frontage of the property.

3. On or about April 16, 1987, the Defendant, City of Orlando, planted myrtle trees along the Florida Department of Transportation right-of-way adjacent to the Plaintiffs' boat display area.

4. The issue is the propriety of the City of Orlando planting trees pursuant to a permit on property owned by the State Department of Transportation along the interstate right-of-way, in an effort to beautify the area. Such beautification by planting trees, is a technique which is determined to be a public purpose which this Court adopts. The Court specifically rejects the argument of the Plaintiff that there is no independent utility or purpose other than to completely destroy the Plaintiffs' right to be viewed from the public highway. The Court finds that beautification is a lawful and justifiable public purpose.

5. The Plaintiffs claim a right or easement of light, air and view and cite cases supporting their position. Such cases are distinguishable from the facts in this case and are not applicable to it.

6. The Plaintiffs have no ingress or egress to said interstate and the back part of their property faces said Interstate. The address of said business is on an adjacent street.

7. The City's actions by creating a buffer zone with the planting of myrtle trees does not constitute an interference with the Plaintiffs' property rights. Florida law is clear, in that there is no absolute right to unobstructed air and light from adjoining land without contractual or statutory obligations. *Town of Indialantic v. Nance,* 400 So.2d 37 (5th DCA 1981). The right to light, air and view, from one property to another is not a right that will support injunctive relief or damages from the adjoining property owner. *Fountainbleau Hotel Corporation v. Forty-five Twenty-five, Inc.,* 114 So.2d 357 (3d DCA 1959).

**49**

8. The Plaintiff cites cases which construed mostly factual situations where there is ingress and egress from the road itself. Under those facts, the decision in this case would be different. This is a limited access highway with no ingress or egress to Plaintiffs' property. Other cases cited by the Plaintiff predate concepts of modern highway design and appear not to be cognizant of that use, and the public purpose of making those super highways scenic.

CONSIDERED, ORDERED AND ADJUDGED, that Defendant's Motion to Dismiss is GRANTED with prejudice.

DONE AND ORDERED in Chambers, at Orlando, Orange County, Florida, this the 24th day of June, 1987.